IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD SEMANIC,                          :
                                         :
            Plaintiff,                :    CIVIL ACTION
                                         :
v.                                       :    No. 09-1420
                                         :
EXPRESS CAR RENTAL, et al.,              :
                                         :
            Defendants.               :
_____:

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                      **JUNE 29, 2009**

      Presently before the Court is a pro se Motion to Dismiss filed by Defendant Marc Teichman ("Teichman") seeking to dismiss Plaintiff Edward Semanic's ("Semanic") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(4).[1]  For the following reasons, the Motion will be denied.

**I.    BACKGROUND**

      This action arises from a motor vehicle accident which occurred in Mount Laurel, New

---

[1]Federal Rule of Civil Procedure § 12(b) states in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
>
> (1)  lack of subject matter jurisdiction;
> (2)  lack of personal jurisdiction;
> (3)  improper venue;
> (4)  insufficient process;
> (5)  insufficient service of process;
> (6)  failure to state a claim upon which relief can be granted; and
> (7)  failure to join a party under Rule 19.

Jersey at or near an entrance to the New Jersey Turnpike. Semanic, a Pennsylvania resident, alleges that he suffered various injuries as a result of being negligently struck by a vehicle operated by Teichman, a resident of Brooklyn, New York. Teichman's vehicle was leased from Defendants, Express Car Rental ("Express") and/or Jomaad, Inc. ("Jomaad"). Express is a New York based entity, and Jomaad is a New Jersey based entity. Jurisdiction is based on diversity of citizenship. Semanic avers that both Express and Jomaad regularly and continuously conduct business in Pennsylvania. (Compl. ¶¶ 2-3.) Teichman has filed the instant Motion to Dismiss for lack of jurisdiction, improper venue, lack of service of process, and forum non conveniens.

II.   DISCUSSION

    **1. Lack of Jurisdiction**

Teichman first claims that this matter should be dismissed for lack of jurisdiction because the amount in controversy fails to exceed $75,000.[2] Teichman argues that Semanic admits that the amount in controversy is less than $75,000 since he avers in his Complaint that the amount in controversy is "in an amount not in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs and other such relief as may be deemed just and appropriate." (Compl. at 5.) Teichman further asserts that Semanic initiated this action in the Philadelphia Court of Common Pleas, and had alleged several times in his filings in that court that his claim was for less than $50,000. (Def's. Reply Br. at 1.) Semanic responds that it was an inadvertent typographical error in the Complaint to state that the amount in controversy is less than $50,000, and that we should allow him to file an amended complaint. He also asserts that he is entitled to file an amended

---

[2] 28 U.S.C. § 1332(a) provides, in part, that [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."

complaint as a matter of right, as the Defendants have not, to date, answered the Complaint. (Pl.'s Resp. Mot. Dismiss at 1-2.)

It is well-settled that leave to amend pleadings under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Froman v. Davis, 372 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Moreover, Rule 15(a)(1)(A) provides that a "party may amend its pleading once as a matter of course: before being served with a responsive pleading." Id. In this case, to date, none of the Defendants, including Teichman, have filed an answer to the Complaint. Under the above Rule, Semanic can amend his Complaint "as a matter of course." Id. Semanic has just recently filed an Amended Complaint on June 12, 2009, averring that the amount in controversy in this matter is greater than $75,000. Thus, this issue is now moot.

**2. Improper Venue**

Teichman next argues that this action should be dismissed on the ground that it was brought in the wrong district.[3] Teichman asserts that this action cannot be brought in the Eastern District of Pennsylvania because he is a resident of New York, the motor vehicle accident in

---

[3]28 U.S.C. § 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

3

question occurred in New Jersey, and none of the Defendants reside in Pennsylvania. This claim, however, is without merit. 28 U.S.C. § 1391(a) provides that an action founded on diversity of citizenship may be brought in a district where "any defendant is subject to personal jurisdiction at the time the action is commenced." Id. Semanic argues that Express and Jomaad, a New York and New Jersey corporation respectively, both "regularly and systematically conduct business in the Commonwealth of Pennsylvania such that they maintain the requisite minimum contacts and are subject to this Court's jurisdiction." (Pl.'s Resp. Mot. Dismiss at 2.)

"It is well-established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Metcalfe v. Renaissance Marine Inc., 566 F.3d 324, 330 (3d Cir. 2009); Toys R Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).[4] Here, Teichman has not offered any support for his claim that Express and/or Jomaad do not regularly conduct business in Pennsylvania. In addition, neither Express or Jomaad joined in this instant Motion nor filed their own Motions to Dismiss asserting that they do not conduct business in Pennsylvania. Accordingly, since we must accept as true Semanic's allegations in his Complaint and view them in a light most favorable to him when deciding a Rule 12(b)(2) Motion to Dismiss, we reject Teichman's claim.

### 3. Service of Process

Teichman also contends that this action should be dismissed for insufficiency of service

---

[4]"Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

4

of process.  He argues that the summons he received was not signed by the clerk, does not bear the seal of the Court, and does not state the time within which he must appear and defend.[5] (Def.'s Mot. Dismiss at 2.)  Semanic responds that in compliance with Federal Rule of Civil Procedure 4(d), which addresses the waiver of service of process, he forwarded to Teichman a copy of the Complaint together with two copies of the Request for Waiver of Service form and a prepaid return envelope.  Semanic asserts that since Teichman has refused to waive service, regular service would be made in accordance with the Federal Rules.  Teichman responds that he never received a wavier package,[6] and never declined to waive service.  This claim, however, is moot since Teichman also responded that he is "perfectly willing to waive service if a proper waiver package is sent to him." (Def.'s Reply Br. at 2.)  It is also moot since our Court docket reflects that Teichman was personally served on June 10, 2009.

### 4. Forum Non Conveniens

Lastly, Teichman maintains that this action should be dismissed on the ground that the

---

[5] Federal Rule of Civil Procedure 4(a)(1) states that a summons must:

> (A)  name the court and parties;
> (B)  be directed to the defendant;
> (C)  state the name and address of the plaintiff's attorney or-if unrepresented-of the plaintiff;
> (D)  state the time within which the defendant must appear and defend;
> (E)  notify the defendant that a failure to appear and defend will result in a default judgment and against the defendant for the relief demanded in the complaint;
> (F)  be signed by the clerk; and
> (G)  bear the court's seal.

[6] Our Court docket reflects that Semanic filed a Request for Waiver of Service in this Court on April 1, 2009 which was sent to Express, Jomaad, and Teichman.

Eastern District of Pennsylvania would be an inconvenient forum for him. He argues that keeping this action in this District would impose an undue hardship on him because he lives in Brooklyn, New York which is more than eighty miles from Philadelphia. In the alternative, he asks this Court to transfer this matter pursuant to 28 U.S.C. § 1404.[7] This claim, however, is baseless since Teichman has failed to offer any evidence that keeping this case in this District would impose an undue hardship on him, financial or otherwise. Moreover, he has not submitted any evidence that New York would be a more convenient forum for the parties and witnesses in this case.[8] Therefore, this Court finds that this forum is not so inconvenient to warrant dismissal or transfer of this action.

      An appropriate Order follows.

---

[7] 28 U.S.C. § 1404(a) states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[8] It must be noted that this action could have been brought in the United States District Court for the District of New Jersey located in Camden since the accident occurred in Mount Laurel, Burlington County, New Jersey. That forum would not have been any more convenient to Teichman as Camden is approximately the same distance from Brooklyn, New York as Philadelphia.