### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SEMANIC, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 09-1420 |
| EXPRESS CAR RENTAL, et al., | : | |
| Defendants. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **MARCH 17, 2010**

Presently before the Court is a Motion for Summary Judgment filed by Defendant Marc Teichman ("Teichman") against Plaintiff Edward Semanic ("Semanic"). For the following reasons, the Motion will be denied, and the case transferred to the District of New Jersey.

### I.      BACKGROUND

This action arises from a motor vehicle accident which occurred in Mount Laurel, New Jersey at or near an entrance to the New Jersey Turnpike. Semanic, a Pennsylvania resident, alleges that he suffered various injuries as a result of being negligently struck by a vehicle operated by Teichman, a resident of Brooklyn, New York. Teichman's vehicle was leased from Defendants, Express Car Rental ("Express") and/or Jomaad, Inc. ("Jomaad"). Express is a New York based entity, and Jomaad is a New Jersey based entity. Jurisdiction is based on diversity of citizenship.[1] (Compl. ¶¶ 2-3.)

---

[1] 28 U.S.C. § 1332(a) provides, in part, that:

> [T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

Semanic originally filed this action in the Court of Common Pleas of Philadelphia County. However, on May 15, 2009, that court dismissed the action as to Teichman for lack of personal jurisdiction, and permitted Semanic to refile his complaint in the proper jurisdiction.[2] (Mot. Summ. J., Ex. A.) Semanic filed the instant action here, and on May 28, 2009, Teichman filed a Motion to Dismiss for lack of jurisdiction,[3] improper venue, lack of service of process, and forum non conveniens. We denied this Motion on June 29, 2009.[4] On October 14, 2009, Semanic filed a Motion for Entry of Default Judgment against Express and Jomaad for failure to answer the Complaint. This Motion was granted on October 16, 2009. Teichman filed the instant Motion on February 1, 2010, asserting that this Court does not have in personam jurisdiction over him. (Mot. Summ. J. at 1.)

---

exclusive of interest and costs, and is between–
(1) citizens of different States.

28 U.S.C. § 1332(a).

[2] The Order specially stated in part that "Plaintiff's Complaint against Defendant, Mark Teichman is dismissed for lack of personal jurisdiction with the right of Plaintiff, Edward Semanic, to re-file the Complaint in the proper jurisdiction." (Def.'s Mot. Summ. J., Ex. A.)

[3] Teichman challenged jurisdiction based on the amount in controversy. Teichman argued that Semanic admitted that the amount in controversy is less than $75,000 because he averred in his Complaint that the amount in controversy is "in an amount not in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs and other such relief as may be deemed just and appropriate." (Compl. at 5.) Semanic responded that it was an inadvertent typographical error in the Complaint to state that the amount in controversy is less than $50,000, and requested that this Court allow him to file an amended complaint. Federal Rule of Civil Procedure 15(a)(1)(A) provides that a "party may amend its pleading once as a matter of course: before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). Because Teichman had yet to respond to the Complaint, we granted Semanic's request to amend his Complaint. See Semanic v. Express Car Rental, No. 09-1420, 2009 WL 1872095, at *3 (E.D. Pa. June 29, 2009).

[4] See Semanic, 2009 WL 1872095, at *3.

II.     **STANDARD OF REVIEW**

In order to prevail on a summary judgment motion, the moving party must show from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, we must determine whether the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413 (3d Cir. 1991).

However, this District has frequently treated a motion for summary judgment that challenges jurisdiction as a motion to dismiss. In Facha v. Cisneros, the court stated that the distinction between the motions is important because a grant of summary judgment is a judgment on the merits of a case, but a jurisdictional inquiry is not related to the merits. 914 F. Supp. 1142, 1146 (E.D. Pa.1996); see also Kulick v. Pocono Downs Racing Ass'n, Inc., 816 F.2d 895, 898 n. 6 (3d Cir. 1987); Greenwood Partners, L.P. v. Cimnet, Inc., No. 01-6624, 2003 WL 22238981, at *1 (E.D. Pa. Sept. 26, 2003). Accordingly, since Teichman is challenging personal jurisdiction and not the merits of the case, we will treat his Motion for Summary Judgment as a Motion to Dismiss.[5]

---

[5] "It is well-established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Metcalfe v. Renaissance Marine Inc., 566 F.3d 324, 330 (3d Cir. 2009); Toys R Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).

## III. DISCUSSION

### A. Personal Jurisdiction

Teichman argues that this Court does not have in personam jurisdiction over him because the accident that is the subject matter of this action occurred in New Jersey and Pennsylvania's long-arm statute does not reach him as a citizen of New York. (Mot. Summ. J. at 3.)

Where, as here, a federal court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the "federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized" by that state's law. Fisher v. Teva PFC SRL, 212 Fed. Appx. 72 (3d Cir. 2006). Because Pennsylvania's long-arm statute "provides that its reach is coextensive with the limits placed on the states by the federal Constitution," the Court must refer to federal constitutional doctrine to determine whether personal jurisdiction exists over the defendant. Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1996); 42 Pa.C.S.A. § 5322(b). A two-part test is used to consider whether the Court's exercise of personal jurisdiction is permissible under the Constitutional limits: (1) the defendant must have "purposefully established 'minimum contacts' in the State," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); and (2) the exercise of jurisdiction must be consistent with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

The Pennsylvania long-arm statute provides for the exercise of general and specific jurisdiction over non-resident defendants. 42 Pa.C.S.A. §§ 5301, 5322. The Court may exercise general jurisdiction over a defendant when the defendant maintains "a continuous and systematic part of its general business within this Commonwealth." 42 Pa.C.S.A. § 5301(2)(iii); see also

Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984) (general personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic").  Specific personal jurisdiction, on the other hand, is proper when the plaintiff's "claim is related to or arises out of the defendant's contacts with the forum."  AlliedBarton Sec. Servs., LLC v. Onyx on the Bay, No. 08-3583, 2009 WL 5102512, at *5 (E.D. Pa. 2009); Lehigh Coal & Navigation Co. v. Geko-Mayo, GmbH, 56 F. Supp. 2d 559, 565 (E.D. Pa. 1999).  To successfully assert specific jurisdiction, a plaintiff must prove that the defendant has "'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or related to' those activities."  Burger King, 471 U.S. at 472.  To determine whether a defendant has had sufficient contact with the forum for the Court to exercise jurisdiction, the Court must inquire whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  Id. at 474.

Here, it is apparent that the Pennsylvania long-arm statute would not provide jurisdiction over Teichman.  Teichman is an individual residing in New York and has no ties to the Commonwealth of Pennsylvania.  In addition, Semanic does not even argue that Teichman has any ties with Pennsylvania.  Thus, we conclude that we do not have personal jurisdiction over Teichman.

Semanic asserts that 28 U.S.C. § 1391(a)(3)[6] specifically permits an action founded on

---

[6]28 U.S.C. § 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all

5

diversity to be brought in any district where "any defendant is subject to personal jurisdiction at the time the action was commenced." (Pl.'s Resp. Mot. Summ. J. at 4.) In making this assertion, Semanic has failed to consider the remaining language of § 1391(a)(3). While this Court may have personal jurisdiction over Express and/or Jomaad because they are alleged to have regularly, systematically and continuously conducted business in Pennsylvania, § 1391(a)(3) provides, in full, that this District would have personal jurisdiction only "if there is no district in which the action may otherwise be brought." Id. Clearly, this action could have been brought in the District of New Jersey, where the accident at issue occurred. Thus, § 1391(a)(3) is unavailing for Semanic.

**B.     Transfer**

Where a court lacks personal jurisdiction over a defendant, it has discretion to dismiss the claims against the defendant or transfer the case pursuant to 28 U.S.C. § 1406(a)[7] to a jurisdiction

---

> defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

[7]28 U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

where personal jurisdiction exists.  Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).  Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it, especially where the plaintiff filed suit in the wrong district because of elusive or mistaken facts or where the plaintiff will suffer harm from dismissal, such as a time-bar to refiling.  Id. at 466.  Transfer further avoids the "time-consuming and justice-defeating technicalities" required to refile a case in a proper venue.  Id.  In addition, § 1406(a) transfers do not require that prejudice should result from filing an action in an improper forum if the initial filing was made in good faith, and the filing of the action, even in an improper forum, "shows the proper diligence on the part of the plaintiff."  Id. at 467; see also Lafferty v. St. Riel, 495 F.3d 72, 78-79 (3d Cir. 2007).  Nevertheless, the decision to dismiss instead of transfer is within the court's discretion when the plaintiff, in its initial choice of forum, disregarded the elementary issue of whether personal jurisdiction existed.  Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579 (7th Cir. 1989).

In this case, there is no indication that Semanic filed this action in the improper forum in bad faith or without the proper diligence.  Thus, in accordance with § 1406(a), we will exercise our discretion and transfer this matter to the District of New Jersey which is the only district where it could have been brought.  It is apparent that Semanic could not have brought this action in the Southern District of New York pursuant to § 1391(a)(1)[8] because all three Defendants are not residents of New York.  As noted earlier, Semanic avers in his Complaint that Express has its principal place of business in Brooklyn, New York, Jomaad has its principal place of business in Lakewood, New Jersey, and Teichman resides in Brooklyn, New York.  (Compl. ¶¶ 2-4.)  The

---

[8]See supra note 6.

accident at issue occurred in New Jersey. Accordingly, the action could only have been brought in the District of New Jersey pursuant to § 1391(a)(2), and thus, we transfer this case to that District.

>    An appropriate Order follows.